**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7701**

ROBERT H. JOHNSON,

Petitioner - Appellant,

v.

DEPT. ADULT CORRECTIONS PAMLICO CORRECTIONAL INSTITUTION,

Respondent - Appellee.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Frank D. Whitney, Chief District Judge.  (5:17-cv-00188-FDW)

Submitted:  January 21, 2020                                  Decided:  January 24, 2020

Before WILKINSON, KEENAN, and THACKER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Robert H. Johnson, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert H. Johnson seeks to appeal the district court's order dismissing without prejudice Johnson's 28 U.S.C. § 2254 (2018) petition. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on October 24, 2017. The notice of appeal was filed on November 5, 2019.[*] Because Johnson failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266 (1988).